<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| WALTER WASHINGTON, | : | |
| | : | CIV. NO. 20-1607 (RMB-KMW) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN DAVID KELSEY, | : | |
| *et al.*, | : | |
| | : | |
| Defendants | : | |

BUMB, DISTRICT JUDGE

Plaintiff Walter Washington, a pretrial detainee incarcerated in the Atlantic County Justice Facility in Mays Landing, New Jersey, filed this civil rights action on February 14, 2020. (Compl., Dkt. No. 1.) Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., Dkt. No. 1-2.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional

> equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit his certified prisoner trust account statement, as required by statute.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1). For the reasons discussed below, the Court would dismiss the complaint without prejudice upon screening.

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

I.   *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

   A.   The Complaint

Plaintiff, a pretrial detainee, asserts jurisdiction under 42 U.S.C. § 1983 for alleged violations of his Constitutional rights. (Compl., ¶4, Dkt. No. 1.) The Court accepts the factual allegations

4

in the complaint as true for purposes of screening the complaint. While confined in the Atlantic County Justice Facility, Plaintiff alleges Warden David Kelsey contracted with the company Aramark to provide inmates with the lowest grade of processed food which lacks nutrition and is high in sugar and sodium. (Compl., ¶4, Dkt. No. 1.) Plaintiff alleges he is on a special diet and the food he is served is detrimental to his high blood pressure and high cholesterol. (Id.) Plaintiff further alleges that the canteen is likewise stocked with foods high in sodium and sugar. (Id.) Plaintiff seeks injunctive relief. (Id., ¶5.)

    B.    Section 1983 Claims

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins,

5

487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

The Fourteenth Amendment's Due Process Clause governs the conditions of confinement for pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). The Constitution requires that inmates be provided with basic human needs, including a diet that provides "adequate nutrition." Duran v. Merline, 923 F. Supp. 2d 702, 719-20 (D.N.J. 2013). A prison diet has been found to violate the Constitution where it poses an "immediate danger to the health and wellbeing of the inmates who consume it[.]" Alpheaus v. Camden Cty. Corr. Facility, No. 17-0180 (JBS-AMD), 2017 WL 2363001, at *10 (D.N.J. May 31, 2017) (quoting Duran, 923 F. Supp. 2d at 720).

"[T]he objective component" of a Fourteenth Amendment conditions of confinement claim, "requires an inquiry into whether "the deprivation [was] sufficiently serious." Stevenson v. Carroll, 495 F.3d 62, 68 (3d Cir. 2007) "Objectively, '[w]hether the deprivation of food falls below this [constitutional] threshold depends on the amount and duration of the deprivation.'" Duran, 932 F. Supp. 2d at 720 (quoting Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999)). Furthermore, prison officials may not be held liable for violating an inmate's right to adequate nutrition unless the inmate shows that the officials acted with a

6

sufficiently culpable state of mind. Stevenson, 495 F.3d at 68 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)) ("Unconstitutional punishment typically includes both objective and subjective components.") The subjective element of a Fourteenth Amendment conditions of confinement claim may be inferred when the condition "is not rationally related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Stevenson, 495 F.3d at 68 (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)). A pretrial detainee may also state a Fourteenth Amendment Due Process claim by alleging that prison officials were deliberately indifferent to his serious medical need. See Parkell v. Morgan, 682 F. App'x 155, 159-60 (3d Cir. 2017) (Fourteenth Amendment inadequate medical care claims are analyzed under the same standard as similar Eighth Amendment claims).

Plaintiff has not alleged the duration of time that he has been subjected to nutritionally lacking food nor does he allege facts describing his "special diet," such as who prescribed the diet and how the food served to him failed to meet the requirements of that diet. For his conditions of confinement claims, Plaintiff has not alleged sufficient facts for the Court to conclude that the poor quality of food that he was served is excessive in light of the legitimate governmental purpose of providing food for

7

pretrial detainees or that Warden Kelsey knew that the food Plaintiff was served was inconsistent with his medically prescribed diet and posed a sufficiently serious risk of harm to his health.

Plaintiff's claims for relief against Aramark and the Atlantic County Freeholders are also deficient. Under the Fourteenth Amendment, Plaintiff must allege facts showing that Aramark and the Atlantic County Freeholders had a custom or policy of serving nutritiously deficient food either for the purpose of punishment or in a manner that was not rationally related or was excessive to the legitimate governmental purpose of providing food for detainees in a county jail. Bell, 441 U.S. at 535; Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (2003) (for government contractor to be liable, it must have had a custom or policy that caused the constitutional violation); Mora v. Camden Cnty., Civ. No. 09-4183 (JBS), 2010 WL 2560680, *8 (D.N.J. June 21, 2010) (applying Bell to claim of inadequate nutrition); Duran, 923 F. Supp. 2d at 719 (same). For his Eighth Amendment claim for deliberate indifference to his serious medical need for a special diet, Plaintiff has not alleged sufficient facts that Aramark and the Atlantic County Freeholders were aware of his special diet or the risks posed to his health by the food he was provided. For

8

these reasons, the Court would dismiss the complaint without prejudice upon conclusive screening.

III. CONCLUSION

The Court will administratively terminate this action, subject to reopening. An appropriate Order follows.


DATE:   July 23, 2020
                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**